## CIRCUIT COURT OF FAIRFAX COUNTY

Nettie Groven

    v.

Patrick W. Finnerty,
Director, Virginia
Department of Medical
Assistance Services

December 13, 2004

Case No. (Chancery) 191954

BY JUDGE ARTHUR B. VIEREGG

This case involves the administrative appeal taken by Nettie Groven ("Mrs. Groven") from a hearing officer's decision affirming a decision of the Fairfax Department of Family Services ("DFS") denying her Medicaid Long Term Care coverage on account of an uncompensated transfer of her assets. This Court has jurisdiction over this appeal. Va. Code § 2.2-4026.

As Mrs. Groven contends, the facts in the case are not disputed. Mrs. Groven and her husband (the "Grovens"), both in their late 70s, conveyed virtually all of their assets, which are valued in excess of $214,000, to their daughter and son-in-law, Mr. and Mrs. Richard Lynch. In return, Mr. and Mrs. Lynch conveyed a life estate in their residence to Mrs. Groven and her husband. The 2003 assessment of the Lynch home approximated $441,000. However, it was encumbered by a secured loan of approximately $425,000.

The Lynches' equity in their home therefore approximated only $16,000, far below the value of the Grovens' assets conveyed to the Lynches for that life estate interest. In addition, the Lynches, as well as the Grovens, apparently would reside in the home rent-free. DFS determined that Mrs. Groven had a 50% life estate interest, the value of which, when discounted on account of her age (by use of an undisputedly proper fractional multiplier), was calculated as being $3,948.11. Based on the differential between the value of assets conveyed to the Lynches by the Grovens and the value of the life estate, the

hearing officer determined that Mrs. Groven had made an uncompensated transfer of assets on account of which her eligibility for Medicaid payments was adversely affected. Mrs. Groven does not contest the DFS computations of her ineligibility to receive Medicaid payments.

Mrs. Groven, however, contends that, in valuing her life estate, DFS erroneously based the value of her life estate interest on the equity in the property rather than upon the unencumbered value of the property. Mrs. Groven points to no regulation setting forth how a life estate interest should be valued. It is plain, however, that her calculation would treat the value in life estates of unencumbered property and encumbered property in the same manner. That result appears facially illogical, although an argument might be developed that the value of a life estate should be calculated with reference to the fair rental value of the property for the actuarial life expectancy of the life tenant. However, the record in this case is silent to such alternative valuation methods.[1] In the end, however, this Court is limited to the record. Furthermore, this Court must give due regard to the expertise of the agency and the hearing officer. *See* Va. Code § 2.2-4027. In such circumstances, the hearing officer's basis for valuing the Grovens' life estate is entitled to great weight. And that is especially the case, where, as here, no expert testimony or other valuation rule was advanced by the Grovens governing how a life estate should be valued.

An uncompensated transfer of assets, however, does not necessarily require Medicaid penalization. It merely gives rise to a presumption that the Medicaid claimant is ineligible for such benefits. The Virginia rule would permit a claimant to produce evidence that the transferred assets were conveyed for a purpose other than to establish Medicaid eligibility. But, although such a claimant is not limited to documentary evidence in this regard, the claimant must still advance proof of such an alternative motive and must demonstrate that there were other assets necessary to meet current and expected medical needs. *See, Randall v. Lukhard*, 729 F.2d 966, 968 (4th Cir. 1984). However, the existence of such an alternative motive to meet current and expected medical needs was neither argued by Mrs. Groven nor supported by the record.

---

[1] In this case, even this method begs further problems, as the argument of Mrs. Groven's attorney suggests that the Lynches would live in their residence while the Grovens lived there. Such a situation might require the Grovens' life estate value therefore to be increased by the usage rights extended to their daughter and her husband.

294

For the reasons set forth above in this letter opinion, Mrs. Groven fails to meet her burden to designate and demonstrate an error of law subject to review by this Court under Va. Code § 2.2-4027; therefore the decision of the hearing officer is affirmed.